# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARIANA JASMINE SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1150-2

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ariana Jasmine Sandoval entered a conditional guilty plea to one count of conspiracy to transport and attempt to transport undocumented aliens within the United States. She appeals the district court's denial of her motion to suppress the fruits of two traffic stops of the same vehicle by different Border Patrol agents on consecutive days, contending that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41228

the agents lacked reasonable suspicion for either stop.  Finding no error, we affirm.

We review the constitutionality of traffic stops, including whether there was reasonable suspicion, de novo.  *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015).  The evidence presented at a suppression hearing is viewed in the light most favorable to the prevailing party, which is the government in this case.  *See id.*  Factual findings, including the district court's credibility choices, are reviewed for clear error.  *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009).

In determining whether reasonable suspicion exists in the context of roving Border Patrol stops, we examine the totality of the circumstances and weigh the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).  *Cervantes*, 797 F.3d at 329.  The factors that may be considered include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior.  *Id.*

On appeal, Sandoval selectively challenges only a subset of the totality of circumstances cited by the district court.  We are not persuaded.  The district court did not err by considering the SUV's erratic swerving as a factor contributing to the existence of reasonable suspicion.  *See, e.g.*, *United States v. Rodriguez*, 564 F.3d 735, 744 (5th Cir. 2009).  The agent's encounter with Sandoval's SUV on September 15, five minutes after responding to a request to assist other agents who were investigating a border sensor activation, was "coincident enough" to contribute to reasonable suspicion that the vehicle

might be involved in illegal trafficking. *See United States v. Aguirre-Valenzuela*, 700 F.2d 161, 163 (5th Cir. 1983). On September 16, the agent was entitled to consider the suspicious circumstances of the previous day's stop, including the passenger's admitted activity as a human smuggler, as pertinent information about recent illegal trafficking of aliens in the area. *See Cervantes*, 797 F.3d at 329. The district court did not err in determining that the characteristics of the SUV, collectively and in light of the agent's experience, contributed to reasonable suspicion. *See United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001) ("Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers.").

Moreover, Sandoval either concedes or fails to address the numerous other factors identified by the district court weighing heavily in favor of reasonable suspicion, including the agents' substantial experience and that both stops occurred in close proximity to the border in areas where illegal trafficking is common. *See United States v. Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016). Considering the totality of the circumstances and the *Brignoni-Ponce* factors, we are satisfied that the Border Patrol agents had reasonable suspicion to stop Sandoval's vehicle on both September 15 and September 16, 2015.

AFFIRMED.